ELIZABETH SWEARINGEN et al.

v.

GEORGE L. INMAN, Exr. et al.

*Opinion filed October 25, 1902.*

1. WILLS—*a will cannot be set aside upon grounds not alleged in bill.* If a bill to set aside a will alleges want of mental capacity and undue influence as grounds for relief, proof that the testatrix did not know the contents of the will would not authorize a decree for the complainants.

2. SAME—*what sufficient proof that testatrix knew the contents of her will.* Uncontradicted testimony that when the will was executed the testatrix said, in answer to questions by a subscribing witness, that the will was as she wanted it and that she had read it, is sufficient proof that she knew its contents.

3. SAME—*burden of proving undue influence is upon contestants.* The burden of proving undue influence in the execution of a will is upon the party alleging the same.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

F. M. GREEN & SON, and ROYAL WRIGHT, for appellants.

RAY & DOBBINS, (SPENCER M. WHITE, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Minnie E. Inman died February 26, 1899, leaving the appellee George L. Inman, her husband, and the appellants, Elizabeth Swearingen, her mother, and Nancy M. Robbins, her sister, her only heirs-at-law. She left a will, in which George L. Inman was appointed executor, and it was admitted to probate. George L. Inman having filed a bill in the circuit court of Champaign county to set aside a deed of certain premises which he claimed under the will, Elizabeth Swearingen and Nancy M. Robbins, together with Maude Robbins, who afterward with-

drew as complainant and became a defendant, filed their cross-bill to set aside the will and probate. The cross-bill was answered, and the following issues were formed by the pleadings: First, whether the testatrix was mentally competent to make a will; and second, whether the will was obtained by undue influence of her husband, George L. Inman. An issue at law was made up for the trial of these questions, and upon such trial the jury returned a verdict that the instrument was the last will and testament of said Minnie E. Inman, deceased. A decree was entered in accordance with the verdict, and this appeal was taken.

There was no evidence at the trial fairly tending to prove either that the testatrix was mentally incompetent or that the will was obtained by undue influence, and the averments of the bill on both the issues were unsupported by proof. The evidence showed, without contradiction, that the testatrix was competent to make a will, and neither the provisions of the will nor any fact proved would justify an inference that its execution was procured by undue influence. The will was a natural and reasonable one and expressed the wishes of the testatrix. The entire estate was of the value of about $3000, and there was no child, so that the husband would have taken half as heir and a dower interest in the remainder. By the will the property was devised to the husband encumbered with debts and funeral expenses and a legacy of $500 to Maude Robbins, if she should be living five years after the death of the testatrix.

It does not seem to be seriously contended that the averments of the bill as to mental incompetency or undue influence were sustained, but it is insisted that there was ground for invalidating the will in the fact that the testatrix did not know its contents when she signed it. Complainants could not have prevailed on that ground if it had been proved, because it was not alleged in the bill. They would not be allowed to have the will set

aside upon grounds not alleged, or to state one case in their bill and prove another. (*Carmichael* v. *Reed*, 45 Ill. 108; *Purdy* v. *Hall*, 134 id. 298.) The claim that the testatrix did not know how she disposed of her property is neither the same as nor consistent with the averment that she was induced to make a particular disposition of her estate by the undue influence of her husband. But, regardless of that question, the evidence was quite clear that she knew the contents of the will. It was proved that when the will was executed she said, in answer to questions by a subscribing witness, that it was as she wanted it, and that she had read it and knew what it contained, and there was no contradiction of this testimony. After the will was executed she gave it to one of the subscribing witnesses, who was a banker, and told him to take it to the bank and keep it for her. No other verdict could have been rightfully returned than the one which the jury rendered.

An instruction that the burden of proof was upon the complainants to show that undue influence was used and that it affected the testatrix in the disposition of her property is complained of, but the instruction was correct. The burden of proof on the question of undue influence alleged by the complainants was on them. *Webster* v. *Yorty*, 194 Ill. 408.

An instruction defining undue influence is also criticized as requiring too much of complainants, and perhaps the criticism may be just; but as they furnished no evidence whatever on that subject and the jury could not possibly have found in their favor under the most relaxed rule, there could have been no unfavorable effect from giving it.

The decree is affirmed.        *Decree affirmed.*